UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


TERRY KEYS (#77998)                                           CIVIL ACTION

VERSUS

WARDEN N. BURL CAIN, ET AL.                                   NO. 08-0031-D-M2

<u>NOTICE</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, September 9, 2008.

                                      **MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TERRY KEYS (#77998)**                                                    **CIVIL ACTION**

**VERSUS**

**WARDEN N. BURL CAIN, ET AL.**                                **NO. 08-0031-D-M2**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the parties' cross-motions for summary judgment, rec.doc.nos. 18 and 21.[1]

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, commenced this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Ass't Warden Blaine Lachney, Col. G. McKey, Major Louis Stroud, Lt. Dickie Armand and Capt. Jeremy McKey, complaining that, after he filed an administrative grievance regarding the destruction of his hobbycraft property and after he refused to drop the grievance, he was retaliated against by the defendants. Specifically, the plaintiff complains that he was subjected to threats and verbal abuse and was ultimately charged with a false and

---

[1] The record reflects that attempts by the United States Marshal's Office to serve defendant G. McKey have proven unsuccessful because the Louisiana Department of Public Safety and Corrections is unable to identify this individual and, so, has refused to accept service on his behalf. Accordingly, defendant G. McKey has not appeared in this proceeding and has not participated in the instant motion. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings. It is appropriate, therefore, that the plaintiff's claims against defendant G. McKey be dismissed, without prejudice.

retaliatory disciplinary report which resulted in his being sentenced to a transfer to segregated confinement.

The plaintiff moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, the record of his administrative proceedings, previously filed into the record, and exhibits filed in a related civil action by the plaintiff, <u>Terry Keys v. N. Burl Cain, et al.</u>, Civil Action No. 07-0211-D-1, including his own affidavit and the affidavit of a co-inmate, Claude Hulin.

The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, the records of the plaintiff's administrative remedy proceedings and disciplinary appeals, and the affidavit of Rhonda Z. Weldon.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Federal Rules of Civil Procedure.

Initially, it appears that the plaintiff has named the defendants in both their individual and their official capacities.  Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  Neither a State, <u>nor its officials acting in their official capacities</u>, are "persons" under § 1983.  <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

With regard to the plaintiff's claims against the defendants in their individual capacities, he alleges that on or about January 18, 2007, he commenced an administrative remedy proceeding ("ARP") against defendants Trey Poret and Dickie Armand, complaining that the defendants willfully destroyed the plaintiff's hobbyshop property.  Thereafter, on March 14, 2007, the ARP was allegedly returned to the plaintiff's housing location, purportedly by defendant Warden Cain, to deliberately and intentionally threaten, harass and intimidate the plaintiff into dropping the ARP.  To this end, the plaintiff was called to the captain's office on that date and, in the presence of defendants Louis Stroud, Jeremy McKey and Dickie Armand, was told that he should drop the referenced ARP at the alleged instruction of defendant Blaine Lachney.  When the plaintiff refused, he was subjected to verbal abuse and harassment by defendants Stroud, McKey and Armand in the form of name-calling, threats of physical abuse and threats of disciplinary proceedings.  According to the plaintiff, the defendants allowed him until the next day to think over their threats.  Thereafter, on March 15, 2007, the plaintiff was again called to the captain's office, was subjected to a strip search by defendant Armand, and was subjected to further verbal abuse, threats and harassment by defendants Armand, Lachney and McKey, all in an attempt to induce him to drop the referenced ARP.[2]  The plaintiff alleges that when he continued to refuse, he was charged with a false disciplinary report, accusing him of selling drugs in the prison, and was placed in administrative segregation.  After disciplinary proceedings were

---

[2]     The plaintiff also complains that the defendants pushed and prodded him in an attempt to induce him to start a physical confrontation.  The plaintiff fails, however, to assert that he suffered any injury or harm as a result of this minor physical interaction.  See 42 U.S.C. § 1997e(e) (providing that "[n]o Federal civil action may be brought by a prisoner confined in a ... correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

thereafter conducted, chaired by defendant Stroud and attended by defendant McKey, at which the plaintiff contends he was not afforded with appropriate due process, he was found guilty and sentenced to a transfer to disciplinary segregated confinement.  He asserts that the disciplinary charge and sentence were motivated in retaliation for his having filed administrative grievances against security officers at LSP.

Initially, whereas the plaintiff has named defendant Burl Cain as a defendant herein, the Court finds that the plaintiff has failed to make sufficient factual allegations against this defendant.  In this regard, pursuant to well-established legal principles, the law is clear that in order for a prison official to be held liable under § 1983, the official must have been either personally involved in actions causing the alleged deprivation of an inmate's constitutional rights, or there must have been a causal connection between the actions of the official and the constitutional violation sought to be redressed.  Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983).  Any allegation that defendant Cain is responsible for the conduct of his subordinates or co-employees is alone insufficient to state a claim against them under § 1983.   Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Further, any claim that this defendant is liable because of his alleged failure to act in response to the plaintiff's administrative grievance is also insufficient to state a claim of constitutional dimension.   See Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005). Accordingly, in the absence of any credible or substantiated suggestion in the record that defendant Cain was personally involved in any alleged retaliatory conduct toward the plaintiff, there is no basis for the imposition of liability against this defendant, and he is entitle to dismissal from this proceeding.

Turning to the plaintiff's claims against the remaining defendants, the defendants assert that they are entitled to qualified immunity in connection with the plaintiff's claims against them.  Specifically, they contend that the plaintiff has failed to make sufficient allegations of conduct on their part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.  Hale v. Townley, 45 F.3d 914 (5th Cir. 1995).  As recently enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights.  Second, the district court must determine whether the rights allegedly violated were clearly established.  This inquiry, the Court stated, must be undertaken in light of the specific context of the case, not as a broad, general proposition.  The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted.  Id.  In the instant case, the defendants assert that the plaintiff's claim fails in the first instance because he has failed to allege facts in the Complaint which would support a finding that they participated in any violation of his constitutional rights.

Undertaking the Saucier analysis, the Court concludes that, with the exception of the plaintiff's claims of retaliation, the defendants' motion is well-taken and the plaintiff's allegations fail to overcome the assertion of qualified immunity.

Addressing first the plaintiff's claim of verbal abuse, threats and harassment, the Court concludes that the plaintiff has failed to state a claim of constitutional dimension against the defendants. In this regard, the law is well-settled that allegations of verbal abuse alone do not present claims under § 1983. "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." McFadden v. Lucas, 713 F.2d 143 (5th Cir.), cert. denied, 464 U.S. 998, 104 S.Ct. 499 (1983); Burnette v. Phelps, 621 F.Supp. 1157 (M.D. La. 1985); Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973). Accordingly, the allegations against the defendants regarding verbal abuse are insufficient to state a claim of constitutional dimension.

Addressing next the plaintiff's claim that he was charged with a false disciplinary report and sentenced to disciplinary segregated confinement, the law is clear that allegations that an inmate plaintiff has been wrongly reported or punished for conduct which he did not commit or of which he is innocent do not amount to a denial of due process where the state provides a procedurally adequate hearing. See Collins v. King, 743 F.2d 248 (5th Cir. 1984). Further, even if procedural rules were not scrupulously adhered to in this case, as the plaintiff suggests, the United States Supreme Court has held that prison disciplinary proceedings fail to implicate a constitutionally protected liberty interest unless the resulting punishment subjects the inmate to an atypical, significant deprivation (evaluated in the context of prison life) in which the State might conceivably have created a liberty interest for the benefit of the inmate. Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In Sandin, the Supreme Court held that a disciplinary sentence of placement in segregated confinement failed to rise to the level of a constitutional claim. In the instant case, this Court similarly concludes that the plaintiff's disciplinary sentence – of a transfer to

segregated confinement – fails to result in an atypical and significant deprivation in the context of prison life. Accordingly, the plaintiff's claim in this regard fails to rise to the level of a constitutional violation.[3]

Finally, turning to the plaintiff's claim of retaliation, the Court finds that there are disputed questions of fact regarding this claim and that the cross-motions for summary judgment should be denied in connection therewith. In this regard, the plaintiff alleges that, after he filed an administrative grievance in January, 2007, he was called to the captain's office on both March 14 and 15, 2007, and was there explicitly threatened by the defendants that if he did not drop the referenced ARP, he would be "locked up" for a long time. When the plaintiff continued to refuse to drop the referenced ARP, he was charged on March 15, 2007, with a violation of prison rules which resulted in his being sentenced to onerous segregated confinement.

Although the filing of false disciplinary charges against an inmate is not a violation of the inmate's constitutional rights, discussed supra, the filing of such charges in retaliation for the inmate's exercise of his constitutional rights is itself a violation of his constitutional rights. Ruiz v. Estelle, 679 F.2d 1115 (5th Cir.), opinion amended in part and vacated in part, 688 F.2d 266 (1982), cert. denied, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983); Gibbs v. King, 779 F.2d 1040 (5th Cir.), cert. denied, 476 U.S. 1117, 106 S.Ct.

---

[3] In reaching this determination, the Court rejects the defendants' additional argument that the plaintiff's claims are barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994). This Court has previously concluded that Heck, which precludes litigation of a civil rights claim which may impact upon an inmate's length of confinement, does not apply where the prison disciplinary action at issue has resulted only in punishment which does not impact upon such period of confinement. See, e.g., Muhammad v. Close, 540 U.S. 749, 124 S.Ct. 1303 (2004).

1975, 90 L.Ed.2d 659 (1986). The defendants concede as much and acknowledge in their memorandum in support of their motion that "there [is] a genuine factual issue as to whether the issuance of the incident report ... was retaliatory." See rec.doc.no. 18. Notwithstanding, the defendants contend that the plaintiff fails to state a cause of action for retaliation unless he can show that the disciplinary sentence was ultimately terminated in his favor, comparing the plaintiff's retaliation claim to a claim for malicious prosecution (which includes a favorable termination requirement). The law is clear, however, that favorable termination is not an essential element of a retaliation claim under § 1983. See Woods v. Smith, 60 F.3d 1161 (5ht Cir. 1995)("favorable termination is not a prerequisite of a retaliatory interference claim."). Accordingly, it appears to the Court that the plaintiff's allegation against the defendants of overt adverse action taken in response to the plaintiff's refusal to drop his administrative grievance is sufficient to withstand the defendant's motion for summary judgment directed to this issue. See also Bibbs v. Early, ___ F.3d ___, 2008 WL 3319732 (5th Cir., Aug. 12, 2008).

RECOMMENDATION

It is recommended that the plaintiff's claims against defendant G. McKey be dismissed for failure of the plaintiff to serve this defendant within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure. It is further recommended that the plaintiff's motion for summary judgment, rec.doc.no. 21, be denied and that the defendants' motion for summary judgment, rec.doc.no. 18, be granted in part, dismissing all of the plaintiff's claims against defendant Burl Cain and dismissing the plaintiff's claims of false disciplinary charges and verbal abuse against the remaining defendants. It is further recommended that this matter be referred back to the Magistrate Judge for further

proceedings in connection with the plaintiff's claim of retaliation against defendants Blaine Lachney, Louis Stroud, Dickie Armand and Jeremy McKey.

Signed in chambers in Baton Rouge, Louisiana, September 9, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**