UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


**TERRY KEYS (#77998)**                                CIVIL ACTION

**VERSUS**

**WARDEN N. BURL CAIN, ET AL.**                        NO. 08-0031-JJB-CN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, December 9, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**TERRY KEYS (#77998)**                                             **CIVIL ACTION**

**VERSUS**

**WARDEN N. BURL CAIN, ET AL.**                                     **NO. 08-0031-JJB-CN**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment of the remaining defendants in this case, rec.doc.no. 70. This motion is opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, commenced this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Ass't Warden Blaine Lachney, Col. G. McKey, Major Louis Stroud, Lt. Dickie Armand and Capt. Jeremy McKey. The plaintiff complains that after he filed an administrative grievance on January 18, 2007, regarding the destruction of his hobbycraft property, and after he refused to drop this grievance, he was retaliated against by the defendants. Specifically, the plaintiff complains that the defendants subjected him to threats and verbal abuse and ultimately charged him with a false and retaliatory disciplinary report which resulted in his being sentenced to segregated confinement. Pursuant to earlier Report and Recommendation in this case, approved by the District Judge on October 2, 2008, see rec.doc.nos. 27 and 29, the plaintiff's claims asserted against defendants Burl Cain and G. McKey have been dismissed, as have all claims asserted against the remaining defendants except the plaintiff's claim that the defendants charged and punished him in connection with a false and retaliatory disciplinary report.

The defendants now move for summary judgment, relying upon the

pleadings, a Statement of Undisputed Facts, certified copies of the plaintiff's administrative remedy proceedings and disciplinary appeals, and the affidavits of defendants Jeremy McKey, Blaine Lachney and Louis Stroud.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. Anderson, supra. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex, supra. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. Little, supra, 37 F.3d at 1076. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257 (5th Cir. 1994), cert. denied, 502 U.S. 1059, 112

S.Ct. 936, 117 L.Ed.2d 107 (1992).

As pertinent to the claim remaining before the Court, the plaintiff alleges that on or about January 18, 2007, he commenced an administrative remedy proceeding ("ARP") against Officers Troy Poret and Dickie Armand, complaining that the officers willfully destroyed the plaintiff's hobbyshop property.  Thereafter, on March 14, 2007, the ARP was allegedly returned to the plaintiff's housing location, purportedly by defendant Blaine Lachney, for the purpose of inducing the plaintiff, through threats and harassment, to drop the ARP.  To this end, the plaintiff was called into an office on that date and, in the presence of defendants Louis Stroud, Jeremy McKey and Dickie Armand, was urged to drop the referenced ARP.  When the plaintiff refused, he was subjected to verbal abuse and harassment by defendants Stroud, McKey and Armand in the form of name-calling, threats of physical violence, and threats that disciplinary proceedings would be instituted against him.  According to the plaintiff, the defendants allowed him until the next day to think over his decision in light of these threats.  Thereafter, on March 15, 2007, the plaintiff was again called into the captain's office, was subjected to a strip search by defendant Armand, and was subjected to further verbal abuse, threats and harassment by defendants Armand, Lachney and McKey, all in an attempt to induce him to drop the referenced ARP.  The plaintiff alleges that when he continued to refuse, he was charged with a false disciplinary report, which accused him of selling drugs within the prison, and was placed in administrative segregation. After disciplinary proceedings were conducted on March 28, 2007, chaired by defendant Stroud and attended by defendant McKey, the plaintiff was found guilty and sentenced to a transfer to Camp J, a disciplinary segregated housing unit at LSP.  He asserts that the disciplinary charge and sentence were falsified and were motivated in retaliation for his

having filed the referenced administrative grievance against security officers at LSP.

In response to the plaintiff's allegations, the defendants contend that the plaintiff will be unable to establish his claim of a false and retaliatory disciplinary report in this case. Specifically, the defendants point to the plaintiff's many prior claims of retaliation and assert that he routinely and repetitively makes false and unsubstantiated claims of retaliation. Further, the defendants assert that the disciplinary charge levied against the plaintiff was in fact well-founded and that the plaintiff seeks merely to "re-litigate his disciplinary charge in Federal Court." As hereafter discussed, the Court concludes that it need not address the defendants' contentions in this regard and that the plaintiff's claim is subject to dismissal for reasons different than those urged by the defendants.

The gist of the plaintiff's remaining claim in this case is that the defendants retaliated against him because he filed an administrative grievance complaining of the actions of certain security officers. In this regard, the law is clear that the taking of action against an inmate in retaliation for the inmate's exercise of his constitutional rights is a violation of the inmate's constitutional rights. Ruiz v. Estelle, 679 F.2d 1115 (5th Cir.), opinion amended in part and vacated in part, 688 F.2d 266 (1982), cert. denied, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983); Gibbs v. King, 779 F.2d 1040 (5th Cir.), cert. denied, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986). Specifically, prison officials are not allowed to retaliate against an inmate because of the inmate's exercise of his First Amendment right to seek redress of grievances by complaining to supervisory officials about the alleged wrongful conduct of prison employees. Id. Claims of retaliation are not favored, however, and the Court must carefully scrutinize same with

skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in penal institutions. Woods v. Smith, supra. Further, an inmate's First Amendment right to complain is limited to the making of non-frivolous complaints involving the assertion of legitimate constitutional rights, Johnson v. Rodriguez, 110 F.3d 299 (5th Cir. 1997), cert. denied, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997); see also Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); Tighe v. Wall, 100 F.3d 41 (5th Cir. 1996); Woods v. Smith, 60 F.3d. 1161 at 1166 (5th Cir. 1995), cert. denied, 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996). In other words, an inmate has no constitutional right to pursue a frivolous complaint regarding matters that do not implicate his constitutional rights. See Johnson v. Rodriguez, supra. It follows from this principle that a frivolous grievance or complaint may not form the basis for a viable § 1983 retaliation claim. Id. See also Brown v. Craven, 106 Fed.Appx 257 (5th Cir. 2004) ("We have held that 'neither any frivolous filings nor secondary litigation activity ... may comprise the basis of a retaliation claim.'"); Shelton v. Lemons, 2011 WL 3648121 (S.D. Tex., Aug. 17, 2011) ("an inmate does not have a right to file a frivolous grievance, and a frivolous grievance cannot support a section 1983 retaliation claim"); Mitchell v. Miller-Roach, 2011 WL 2273509 (N.D. Tex., May 17, 2011), and cases cited therein.

Applying this standard in the instant case, and assuming without deciding that the plaintiff's allegations provide a sufficient indicia of retaliatory intent, the Court nonetheless concludes that the plaintiff has failed to allege that he was retaliated against for the filing of a non-frivolous complaint involving the assertion of a legitimate constitutional right. Specifically, upon a review of the grievance filed

by the plaintiff which he alleges forms the basis for the defendants' alleged retaliatory conduct in this case, ARP No. LSP-2007-0442, it appears that this grievance involved a complaint by the plaintiff that security officers conducted a search of the plaintiff's hobbycraft property on January 18 and 19, 2007, and while doing so, damaged and destroyed some of the plaintiff's property.[1]  This grievance, however, is not one complaining of the violation of the plaintiff's constitutional rights.  Under well-established federal jurisprudence, an unauthorized intentional destruction or deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.  Hudson v. Palmer, 468 U.S. 517, 104 s.Ct. 3194, 82 L.Ed.2d 383 (1984); Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).[2]  The burden is on the complainant to show that the remedy is not adequate.  Marshall v. Norwood, 741 F.2d 761 (5th Cir. 1984).  The plaintiff in the instant case has not alleged, nor is there any evidence to suggest, that state post-deprivation remedies were unavailable or inadequate.  To the contrary, Louisiana has ample remedies under which the plaintiff could have proceeded against the defendants for recovery of his property or for

---

[1] The referenced grievance is filed as an exhibit in a related civil action commenced by the plaintiff before this Court, see rec.doc.no. 7 in Terry Keys v. N. Burl Cain, et al., Civil Action No. 07-0211-JJB-SCR.  This Court is authorized to take judicial notice of prior related proceedings, Missionary Baptist Foundation of America, Inc. v. Wilson, 712 F.2d 206 (5th Cir. 1983), and the Court hereby takes judicial notice of the plaintiff's administrative remedy procedure filed in the referenced action.

[2] The underlying rationale of Parratt and Hudson is that when deprivations of property are effected through either negligent or intentional conduct on the part of a state employee, pre-deprivation procedures are simply "impracticable" since the state cannot know when such deprivations will occur.  Hudson v. Palmer, supra.

reimbursement for its loss. Marshall v. Norwood, supra. Accordingly, the plaintiff's claim relative to the destruction of his hobbycraft property is not one of constitutional dimension and cannot form the basis for a viable retaliation claim under § 1983. See Orellana v. Zellar, 119 Fed.Appx. 693 (5th Cir. 2005) (upholding grant of summary judgment to defendants on claim of retaliation because the plaintiff "failed to argue or demonstrate that his ability to pursue a 'nonfrivolous,' 'arguable' legal claim was hindered by the defendants' actions"). Cf., Sinclair v. Fontenot, 216 F.3d 1080 (5th Cir. 2000) (reversing grant of summary judgment to defendants on retaliation claim where underlying complaint, upon which the alleged retaliation was based, was arguably not frivolous). Accordingly, inasmuch as the plaintiff's claim of retaliation in this case is founded upon his having filed a grievance which cannot be interpreted as asserting a non-frivolous constitutional claim, the Court concludes that the plaintiff has failed to state a claim of constitutional dimension relative to the alleged retaliation.

## RECOMMENDATION

It is recommended that the defendants' Motion for Summary Judgment, rec.doc.no. 70, be granted, dismissing the plaintiff's claims asserted herein, and that this action be dismissed, with prejudice.

Signed in chambers in Baton Rouge, Louisiana, December 9, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**